## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| ALDO P. MARTINEZ #1507706 | § | |
| | § | |
| V. | § | W-25-CA-498-ADA |
| | § | |
| KEVIN B. SMITH | § | |

## ORDER

Before the Court is Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254. Petitioner is proceeding pro se and has paid the filing fee. For the reasons set forth below, Petitioner's application for writ of habeas corpus is denied.

## STATEMENT OF THE CASE

Petitioner does not challenge his holding conviction. Instead, Petitioner challenges disciplinary case 20240138873.

## DISCUSSION AND ANALYSIS

As an initial matter, challenges to disciplinary proceedings do not generally raise a cognizable constitutional violation unless the petitioner has lost good time credits and is eligible for mandatory supervision. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Petitioner checks the box indicating that he did not lose any previously earned good-time days, but he also lists "250 days goodtime" as one of the punishments imposed. Regardless, however, Petitioner is not eligible for mandatory supervision on the basis of his conviction. Tex.

1

Gov't Code §508.149(a)(2). Thus, Petitioner's challenge to his disciplinary proceeding does not raise a constitutional violation.

In addition, to the extent Petitioner lost privileges and had a commissary code placed on his records, those punishments do not trigger the Due Process Clause. In *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997), the Fifth Circuit Court of Appeals held that commissary, recreation, telephone, and cell restrictions as punishment are merely changes in the conditions of a prisoner's confinement and do not implicate due process concerns. "They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." *Id.*

To the extent Petitioner challenges any change in time-earning class those claims also do not present grounds for federal habeas corpus relief. The Fifth Circuit has held the timing of a petitioner's release on mandatory supervision is too speculative to afford him a constitutionally cognizable claim to the "right" to a particular time-earning status, which right the Texas legislature has specifically denied creating. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Similarly, the loss of the opportunity to earn good-time credits, which might lead to an earlier parole, does not give rise to a due process claim. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995). Texas law does not create a liberty interest in parole that is protected by the Due Process Clause. *Madison*, 104 F.3d at 768; *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir.1995).

Finally, to the extent Petitioner complains about the resolution of his appeals through the grievance process, he does not have a constitutional right to have his grievances resolved to his liking. The Fifth Circuit has held that prisoners have no due

2

process rights in the inmate grievance process. *Alexander v. Tex. Dep't of Criminal Justice*, 951 F.3d 236, 240 (5th Cir. 2020) (*citing Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (holding an inmate "does not have a federally protected liberty interest in having these grievances resolved to his satisfaction.")).

CONCLUSION

Because he does not present any constitutional claims, Petitioner's application for writ of habeas corpus is denied.

CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's

3

underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, the Court shall not issue a certificate of appealability.

It is **ORDERED** that Petitioner's application for writ of habeas corpus is **DENIED**.

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on March 4, 2026

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE